Johnson, O. J. The 99th section of the 4th chapter of the Revised Code enacts that “No demand against any estate shall be presented to the court of probate for allowance until after the executor shall have refused to allow and class the same: and in all such cases, if the claimant be allowed his claim by the court, he shall be entitled to his costs.” The claimant in preparing her demand seems to have had in view the 83d section of the same act, but admitting that she had even pursued that section, yet there is no showing that any notice either verbal or written was ever served upon the administrator, or that the claim was ever exhibited to him for his approval and allowance. It is only in cases where the executor or administrator shall refuse to allow any claim or demand against the deceased, after the same may have been exhibited- to him in accordance with the provisions of the act that such claimant may present his claim to the court of probate for allowance, and in all such cases he is required to give the executor or administrator ten days notice of such application. The obvious reason of this provision is to afford the representative of the deceased an opportunity to allow and class the claim, if he shall be satisfied of its correctness, and thereby to save the estate from unnecessary costs. The judgment rendered by the probate court being by default, the ordinary presumptions in favor of the judgments and proceedings of competent courts, when all the parties are before them, cannot be indulged. Where the judgment is by default it is necessary that the record show affirmatively that every essential requisite of the statute has been complied with. It is essential to the jurisdiction of the probate court that it should be made to appear that the claim had been presented to the executor or administrator, and that he had refused to allow and class the same. The record certified into this court wholly fails to disclose such facts as would authorize the probate court to take cognizance of the claim; and consequently the whole proceeding is merely and simply void. This being the state of case, the judgment of the probate court herein rendered is therefore quashed and held for nought.